NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **MAERSK LINE A/S, et al.,** | |
| *Plaintiffs,* | Civil Action No. 17-5742 |
| v. | |
| | **OPINION ENTERING FINAL** |
| | **JUDGMENT BY DEFAULT** |
| **AMERICARGO INC.,** | |
| *Defendant.* | |

**ARLEO, UNITED STATES DISTRICT JUDGE**

**THIS MATTER** comes before the Court on Plaintiffs Maersk Line and Maersk Agency's (together "Maersk" or "Plaintiffs") motion for default judgment against Defendant Americargo Inc. ("Americargo" or "Defendant") pursuant to Federal Rule of Civil Procedure 55(b)(2). ECF No. 8. For the reasons set forth herein, the motion is **GRANTED**.

I. **BACKGROUND**

Plaintiff Maersk Line is a corporation organized and existing under the laws of a foreign country, with offices and a place of business located in Copenhagen, Denmark. Am. Compl. ¶ 2, ECF No. 4. Plaintiff Maersk Agency is a foreign corporation, serving as an agent for Maersk Line in the United States, with offices and a place of business in Charlotte, North Carolina. Id. ¶ 3. Defendant Americargo is a corporation with offices and place of business in Jersey City, New Jersey. Id. ¶ 4.

For the period from July 11, 2016 to March 24, 2017 Maersk and Americargo were parties to a Uniform Intermodal Interchange Agreements ("UIIA" or the "Agreement") and Addenda.

Keane Aff., Ex. 4, ECF No. 9.5.  Under the Agreement, Maersk provided Americargo with equipment for maritime shipment in exchange for payment.  Am. Compl. ¶¶ 8-10.  Maersk performed its obligations under the Agreement.  Id. ¶ 9.  Throughout the period, and pursuant to the rates set forth in the Agreement, Maersk issued 49 separate invoices to Americargo, totaling $108,215.00, which Americargo has failed to pay.  Am. Compl. ¶ 10; Keane Aff. ¶ 3; id., Ex, 5, ECF No. 9.10.  Plaintiffs allege that, as of January 24, 2018, Americargo has failed to pay the $108,215.00 owed pursuant to the Agreement.  Keane Aff. ¶ 11.

Plaintiffs filed their Amended Complaint on October 13, 2017 and Defendant was properly served with a summons and with the Amended Complaint on October 20, 2017.  Keane Aff. ¶¶ 4-5; ECF No. 5.  Defendant has not appeared in this case nor filed an answer or otherwise pled in response to the Complaint.  Keane Aff. ¶ 5.  On January 18, 2018, pursuant to Fed. R. Civ. P. 55(a), Plaintiffs requested an entry of default by the Clerk of Court as to Defendant, and the Clerk entered default on January 22, 2018.  Keane Aff. ¶ 7; id., Ex. 3.

Plaintiffs bring three largely duplicative counts in this action: (1) for breach of the Agreement, Am. Compl. ¶¶ 7-14, (2) for account stated, id. ¶¶ 15-17, and (3) for relief in quantum meruit, id. ¶¶ 18-19.  Plaintiffs seek payment of the outstanding contract amount of $108,215.00 as well as interest and $459.99 in fees.  Keane Aff., ¶ 11.

## II.    Legal Standard

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008).  Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the

Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

In addition, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

## III. Analysis

### A. Jurisdiction

Federal district courts have original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction." Dapex, Inc. v. Omaya for Importing Cars, No. 2:14-cv-1792, 2015 WL 3505404, at *3 (D.N.J. June 3, 2015) (citing 28 U.S.C. § 1333(1)). To determine whether a contract comes within maritime jurisdiction, courts look to the "nature and character of the contract" and ask "whether it has reference to maritime service or maritime transactions." Id. (quoting Norfolk S. Ry. Co. v. Kirby, 543 U.S. 14, 24 (2004)). Here, Maersk and Americargo entered into a contract concerning equipment for maritime commerce. Am. Compl. ¶ 8. Because the unpaid invoices for maritime transport are at issue in this dispute, the Agreement between Plaintiffs and Defendant falls under the Court's admiralty jurisdiction.

### B. Liability

In the absence of a relevant statute, "general maritime law, as developed by the judiciary, applies." Dapex, No. 14-1792, 2015 WL 3505404, at *4 (quoting East River S.S. Corp. v. Transamerica Delaval, Inc., 476 U.S. 858, 864–65, 106 S. Ct. 2295, 90 L.Ed.2d 865 (1986)). "[C]ontracts for carriage of goods by sea must be construed like any other contracts: by their terms and consistent with the intent of the parties." Norfolk, 543 U.S. at 31. Because "[c]onclusions drawn with respect to the legal effect of any agreement" constitute questions of law, a court must make a determination as to whether a defendant breached the contract. Dapex, No. 14-1792, 2015 WL 3505404, at *4 (citing ATACS Corp. v. Trans World Comm., Inc., 155 F.3d 659, 665 (3d Cir.1998) (citation omitted); Petereit v. S.B. Thomas, Inc., 63 F.3d 1169, 1176 (2d Cir. 1995) ("the conclusion that the contract has been breached" constitutes a "legal conclusion [] to be drawn from factual findings")).

As Defendant has not filed an Answer or otherwise responded to the Complaint, the Court must accept the truthfulness of Plaintiffs' well-pled allegations as to liability for breach of the Agreement. Comdyne I, 908 F.2d at 1149. Here, Plaintiffs allege that (1) there was an agreement between the parties, Am. Compl. ¶ 8; (2) that Maersk performed its obligation under the Agreement, id. ¶ 9; (3) that Americargo failed to pay the amount owed to Plaintiffs, id. ¶ 10; (4) and that Plaintiff suffered damages in the amount of $108,215.00, id. ¶ 14. Plaintiffs have also demonstrated that the Defendant has been served with a summons and with the Amended Complaint. Keane Aff. ¶¶ 4-5; ECF No. 5. Accordingly, and in the absence of a response by the

Defendant, the Court is satisfied that Plaintiffs have sufficiently alleged a cause of action for breach of the Agreement.[1]

### C. Appropriateness of Default Judgment

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, 250 F.R.D. at 177. The Court concludes that in the absence of any responsive pleading and based upon the facts alleged in the Complaint, the Defendant does not have a meritorious defense. See U.S. Small Business Admin. v. Silver Creek Const. LLC, 2014 WL 3920489 (D.N.J.), at *5. Second, the Court finds that Maersk will suffer prejudice absent entry of default judgment as Maersk will have no other means of obtaining relief. Finally, the Court finds the Defendant acted culpably as it has been properly served with the Complaint and the Amended Complaint, is not an infant or otherwise incompetent, and is not presently engaged in military service. See id.; see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D. Monetary Damages

Maersk has requested a default judgment in the amount of $108,674.99, plus interest. Keane Aff. ¶ 11. This amount is calculated as of January 24, 2018 and consists of unpaid services in the amount of $108,215.00, a court's filing fee in the amount of $400.00, and a process server's fee in the amount of $59.99. Keane Aff. ¶ 11. In support of its claims for damages, Maersk has

---

[1] As the Court holds that Plaintiff has established a valid cause of action and is entitled to the extent of its requested damages under its breach of contract claim, the Court need not address Plaintiff's alternative theories of liability.

provided an itemized list of unpaid services.  See Keane Aff., Ex. 5.  This evidence satisfies the legal standard for damages.  See, e.g., Travelodge Hotels, Inc. v. Seaside Hosp., LLC, No. 15-5595, 2016 WL 5899281, at *5 (D.N.J. Oct. 6, 2016) (holding that similar evidence of damages was sufficient for the entry of default judgment); Travelodge Hotels, Inc. v. CPK, INC., No. 13-4796, 2015 WL 5770508, at *4 (D.N.J. Sept. 30, 2015) (same).  Based on the foregoing, judgement shall be entered against Americargo, Inc. for $108,674.99.[2]

## IV.    CONCLUSION

For the reasons set forth herein, Plaintiffs' motion for default judgement is **GRANTED** and judgment shall be entered against Defendant in the amount of $108,674.99.  Plaintiff may submit an interest calculation within thirty days.  An appropriate Order accompanies this Opinion.


**Dated: July 17, 2018**

*/s Madeline Cox Arleo*
**Hon. Madeline Cox Arleo**
**United States District Judge**

---

[2] Plaintiff has not submitted a pre-judgment interest calculation.  Upon submission of an appropriate affidavit, the Court will enter an Amended Order reflecting pre-judgment interest.